**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
| | * | |
| **ROBERT MCLAURIN AND** | * | **CIVIL ACTION NO.:** |
| **RICARDO CAMPOS** | * | |
| | * | **JUDGE:** |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE:** |
| **SAFEPORT INSURANCE COMPANY** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**</u>

**COME NOW** Complainants, Robert McLaurin and Ricardo Campos (hereinafter "Complainants"), by and through undersigned counsel, and enter this Complaint against Defendant, SafePort Insurance Company (hereinafter "Defendant") respectfully averring as follows:

**I. PARTIES**

**1.**

Made Plaintiff herein is **ROBER MCLAURIN,** a person of the full age of majority who is a citizen of the State of Louisiana in the Parish of Orleans.

**2.**

Made Plaintiff herein is **RICARDO CAMPOS,** a person of the full age of majority who is a citizen of the State of Louisiana in the Parish of Orleans.

**3.**

Made Defendant herein is **SAFEPORT INSURANCE COMPANY** ("Defendant"), upon information and belief, a corporation domiciled and incorporated in the State of Florida, with its principal place of business in the State of North Carolina; Defendant is a citizen of Florida and North Carolina, authorized to do and doing business in the State of Louisiana and the Parish of

1

Orleans, which may be served through its Registered Agent for Service of Process, the Louisiana Secretary of State, at 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## II.  JURISDICTION AND VENUE

### 4.

Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. §§ 1332 and 1441 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

### 5.

Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District; the property that is subject to the dispute between Complainants and Defendant is located in this District; and Complainants are citizens of this District.

## III.  RELEVANT FACTS

### 6.

At all relevant times hereto, Complainants owned the property located at 2033 Burgundy Street, New Orleans, Louisiana 70116 (the "Property").

### 7.

At all relevant times hereto, Defendant provided a policy of insurance, policy number LAS423108801 (the "Policy"), to Complainants, which covered the Property against perils, including hurricanes, and provided the following coverages: $416,000.00 for Dwelling; $41,600.00 for Other Structures; $291,200.00 for Personal Property; $83,200.00 for Loss of Use; *inter alia*.

2

**8.**

On or about August 29, 2021, Hurricane Ida caused significant damages to the Property.

**9.**

Complainants promptly reported the loss to Defendant, who assigned it claim number HO2209039671 (the "Ida Claim").

**10.**

As soon as practicable, Complainants took steps to mitigate these damages to the Property at their expense to the best of their ability under the circumstances.

**11.**

On or about September 17, 2021, Complainants retained Irwin & Associates ("I&A") to inspect the the Property on behalf of Complainants and document their findings; I&A discovered $286,016.86 in damages to the Property.

**12.**

On or about October 3, 2021, A demand for the release of unconditional tenders in the amount of $286,016.86 was submitted to Defendant, along with the I&A estimate, photo report, and supporting documentation evidencing Complainants' losses.

**13.**

This submission constitutes satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

**14.**

On or about October 7, 2021, Defendant Inspected the Property with I&A, but upon information and belief, created no estimate documenting the readily available and apparent substantial and covered damages to the Property.

**15.**

Defendant's inspection of the Property constitutes satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

**16.**

On or about December 28, 2021, Complainants reiterated their previous demand for the release of unconditional tenders in the amount of $286,016.86 to Defendant, and submitted a supplemental estimate and photo report evidencing $226,471.46 in damages to personal property.

**17.**

This submission constitutes satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

**18.**

On or about January 6, 2022, Defendant invoked the appraisal under the terms of the Policy, naming Craig Kugler as its appraiser.

**19.**

Shortly thereafter, Complainants named Jeff Whittington as their appraiser.

**20.**

Thereafter, Defendant's appraiser, Craig Kugler resigned as appraiser for Defendant, and Defendant re-named Jack Thibodeaux as their appraiser; Mr. Whittington and Mr. Thibodeaux then named Cody King to serve as umpire, if needed.

**21.**

On or about October 6, 2022, the appraiser for Defendant, Mr. Thibodeaux, and the umpire, Mr. King, executed the appraisal award, documenting $304,490.78 in damages the Property.

**22.**

The appraisal award constitutes satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

**23.**

On or about October 28, 2022, Defendant tendered payment to Complainants in the amount of $107,728.03 for the Ida Claim, according to the appraisal award.

**24.**

On or about November 2, 2022, Defendant tendered payment to Complaints in the amount of $177,916.38 for the Ida Claim, according to the appraisal award.

**25.**

In short, and despite open and obvious evidence of the amount due on the Ida Claim as early as Defendant's receipt of independent satisfactory proofs of loss from Complainants on October 3, 2021, and Defendant's own inspection of the Property on October 7, 2021, Defendant prolonged Complainants damages, failing to pay the amount due on the Ida Claim for over one (1) year.

**26.**

No additional insurance proceeds have been forthcoming, despite Defendant's failure to adjust Complainants' substantial and covered personal property losses for nearly two (2) years, to date.

**27.**

Upon information and belief, Defendant failed to adequately compensate Complainants for their losses to date.

**28.**

Defendant acted in Bad Faith by underpaying the Complainants' losses, inspecting the property untimely, and failing to create an estimated of readily available and apparent substantial and covered losses following their initial inspection of the Property.

**29.**

Defendant's failure to comply with the terms of its own Policy caused and continues to cause significant delays to the repair of Complainants' Property.

**30.**

Upon information and belief, Defendant purposely and/or negligently failed to timely tender adequate insurance proceeds due to Complainants after having received satisfactory proof of loss.

**31.**

Upon information and belief, Defendant purposely and/or negligently misrepresented to Complainants the terms and conditions of the Policy.

**32.**

Upon information and belief, Defendant conducted the investigation and claims handling for Complainants in bad faith, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

**33.**

Upon information and belief, Defendant manipulated its pricing software to artificially suppress the cost of repairs below market value.

**34.**

Upon information and belief, Defendant purposefully and/or negligently failed to include adequate overhead and profit in its estimates of damages.

**35.**

Complainants have incurred additional expenses in making repairs because Defendant failed to timely compensate them for their losses under the Policy.

**36.**

Complainants have incurred professional expenses, including expert and/or attorney's fees, due to Defendant's failure to adequately and timely pay on the Ida Claim under the Policy.

## IV. CAUSES OF ACTION

### A. Breach of Contract

**37.**

Complainants reallege and re-aver the allegations contained in the above paragraphs, as if restated herein.

**38.**

Defendant owes a duty to their policyholders to make prompt and proper payment for all claims and to make their policy limits available to Complainants for their losses; these duties arise from the Policy itself, Louisiana jurisprudence, and duties implied in every contract in Louisiana.

**39.**

Complainants have now suffered covered losses under the Policy.

**40.**

Defendants breached their contractual duties and failed to provide reasonable and timely insurance coverage to Complaints by:

a. Failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss;

b. Purposely and/or negligently misrepresenting to Complainants the terms and conditions of the Policy;

c. Failing to conduct the claims handling for Complainants' claims in good faith and with fair dealing;

d. Manipulating their pricing software to artificially suppress the cost of repairs below market value;

e. Failing to include adequate overhead and profit in its estimates of damages.

**41.**

Complainants have suffered and continue to suffer damages as a result of these breaches of the Policy.

**B. Bad Faith**

**42.**

Complainants reallege and re-aver the allegations contained in the above paragraphs, as if restated herein.

**43.**

Defendant at all relevant times owed a duty of good faith and fair dealing to Complainants in the handling and administration of the Ida Claim.

**44.**

The actions and/or inactions of Defendants in failing to timely and adequately compensate Complainants for their covered losses under the Policy were arbitrary, capricious, and without

probable cause—as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Defendant liable for statutory bad faith penalties.

**45.**

Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious, or without probable cause is in violation of La. R.S. § 22:1973.

**46.**

"[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

**47.**

La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

**48.**

Defendant is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Complainants adequate and timely payment in connection with their damages, despite having received satisfactory proof of loss following its own inspection(s) of the Property, and following receipt of independent satisfactory proofs of loss from Complainants.

**49.**

Defendant's misrepresentation of the terms of the Policy was in bad faith.

9

**50.**

Defendant's failure to pay timely and adequately for damages it knew, or should have known, existed at the time of the initial adjustment of the Ida Claim, and at the time it received independent satisfactory proofs of loss from Complainants, was in bad faith.

**51.**

Defendant's handling of Complainants' Ida Claim was in bad faith.

**52.**

Defendant's breach of the aforementioned duties was the direct and proximate cause of the harm suffered by Complainants, and but for their breach, the harm suffered by Complainants would have been avoided.

**53.**

Due to Defendant's failure to pay Complainants the benefits afforded to them under the terms of the Policy in an adequate and timely manner, under the facts presented, Complainants have suffered monetary loss, emotional distress and mental anguish, and other damages in an amount to be determined at trial.

**V. DAMAGES**

**54.**

Complainants reallege and re-aver the allegations contained in the above paragraphs, as if restated herein.

**55.**

As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, Complainants have incurred the following, non-exclusive damages:

    a.   Diminution of the value of the Property;

b.  Actual repair costs;

c.  Reimbursement for personal repairs at the Property;

d.  Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

e.  Mental anguish;

f.  Penalties delineated in La. R.S. §§ 22:1892 and 22:1973; and

g.  Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

### 56.

Complainants request a trial by Jury.

### 57.

**WHEREFORE**, Complainants, Robert McLaurin and Ricardo Campos, pray that Defendant, SafePort Insurance Company, be served with a copy of this Complaint, and after being duly cited to appear and answer hereto, and after the expiration of all legal delays and due proceedings are had, that there be judgment rendered herein in favor of Complainants, and against Defendant, as alleged, together with legal interest, and for all costs of these proceedings including expert witness fees to be taxed as costs of court, attorney's fees and expenses, and for all legal and equitable relief this honorable court shall deem appropriate.

**[SIGNATURE BLOCK AND SERVICE INSTRUCTIONS ON NEXT PAGE.]**

**RESPECTFULLY SUBMITTED:**

*/s/ W. Parker Logan*
W. Parker Logan, La. Bar No. 39259
Galen M. Hair, La. Bar No. 32865
**HAIR SHUNNARAH TRIAL
ATTORNEYS, LLC.
d/b/a INSURANCE CLAIM HQ
d/b/a INSURANCE CLAIM
LAWYERS, INC.**
3540 S I-10 Service Rd W, Ste, 300
Metairie, Louisiana 70001
Telephone: 504.684.5200
Facsimile: 504.613.6351
logan@hairshunnarah.com
hair@hairshunnarah.com

**PLEASE SERVE:**

**SafePort Insurance Company**
*Through its Registered Agent of Service of Process:*
Agent: Louisiana Secretary Of State
8585 Archives Ave.
Baton Rouge, LA 70809

12